UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

_____

No 10-CV-0081 (JFB)
_____

ANASTASIA KATSOULAKIS,

Plaintiff,

VERSUS

MICHAEL J. ASTRUE,

Defendant.

_____

**MEMORANDUM AND ORDER**
August 31, 2011
_____

JOSEPH F. BIANCO, District Judge:

Anastasia Katsoulakis (the "plaintiff" or "Katsoulakis") commenced this action pursuant to the Social Security Act, 42 U.S.C. § 405(g), challenging the decision of defendant Commissioner of the Social Security Administration (the "Commissioner" or "defendant") denying her request for disability benefits and separately bringing a civil suit against defendant, which was consolidated with her challenge to the Commissioner's decision.

Defendant has moved to dismiss the consolidated case under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. The Court concludes that it has no subject matter jurisdiction over plaintiff's claims for the reasons set forth herein. In the alternative, the Court concludes that, even if there was subject matter jurisdiction over plaintiff's claims, she has failed to state a claim for which relief may be granted.

I. BACKGROUND

On July 17, 2006, plaintiff applied for disability benefits. (Decl. of Patrick J. Herbst ("Herbst Decl.") Ex. 7 at 2.) Her application for disability benefits was denied on September 21, 2006. (*Id*. Ex. 1 at 3.) On November 16, 2006, the Commissioner received plaintiff's request for a hearing before an Administrative Law Judge ("ALJ"), arguing that the "decision and the determination [denying her benefits] is contrary to the evidence and the applicable

laws." (*Id.* Ex. 5.) The hearing was scheduled for September 24, 2008 before ALJ Brian J. Crawley. (*Id.* Ex. 7.) On September 22, 2008, ALJ Crawley received a letter from plaintiff's counsel advising "that the above claimant wishes to withdraw her Request for Hearing at this time." (*Id.* Ex. 8; *see also id.* Ex. 4 (Kenneth Beskin appointed as plaintiff's counsel).) On September 26, 2008, ALJ Crawley dismissed plaintiff's request for a hearing, noting in his decision that "the initial determination dated September 21, 2006 [denying disability benefits] remains in effect." (*Id.* Ex. 1 at 3.) Plaintiff's appeal of that determination was denied by the Appeals Council on August 20, 2009. (*Id.* Ex. 3.)

II. PROCEDURAL HISTORY

On January 7, 2010, plaintiff filed a complaint against the Commissioner contesting defendant's denial of disability benefits. On March 5, 2010, plaintiff filed a civil action against the Commissioner for monetary damages based upon the denial of disability benefits. In a March 17, 2010 Order, this Court consolidated the two complaints into one action. On June 25, 2010, defendant filed a motion to dismiss the consolidated action. On July 23, 2010, the Court received plaintiff's response. The Court also received a letter from plaintiff on June 15, 2011 regarding her health. The Court also received various letters from plaintiff that do not pertain to the merits of this suit. The Court has fully considered the submissions and arguments of the parties.

III. STANDARD OF REVIEW

A motion to dismiss for want of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) "is reviewed under the same standards as a motion to dismiss for failure to state a claim under Rule 12(b)(6)." *See Coveal v. Consumer Home Mortgage, Inc.*, No. 04-CV-4755 (ILG), 2005 U.S. Dist. LEXIS 25346, at *6 (E.D.N.Y. Oct. 21, 2005) (citing *Lerner v. Fleet Bank, N.A.*, 318 F.3d 113, 128 (2d Cir. 2003), *cert. denied*, 540 U.S. 1012 (2003)). Further, the court may consider evidence beyond the pleadings to resolve disputed issues of fact regarding its jurisdiction. *See Flores v. S. Peru Copper Corp.*, 414 F.3d 233, 255 n. 30 (2d Cir. 2003). "A court presented with a motion to dismiss under both Fed. R. Civ. P. 12(b)(1) and 12(b)(6) must decide the 'jurisdictional question first because a disposition of a Rule 12(b)(6) motion is a decision on the merits, and therefore, an exercise of jurisdiction.'" *Coveal*, 2005 U.S. Dist. LEXIS, at *7 (quoting *Magee v. Nassau Cnty. Med. Ctr.*, 27 F. Supp. 2d 154, 158 (E.D.N.Y. 1998)); *see also Rhulen Agency, Inc. v. Alambama Ins. Guar. Ass'n*, 896 F.2d 674, 678 (2d Cir. 1990) (noting that a motion to dismiss for failure to state a claim may be decided only after finding subject matter jurisdiction).

In reviewing a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court must accept the factual allegations set forth in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *See Cleveland v. Caplaw Enters.*, 448 F.3d 518, 521 (2d Cir. 2006). "In order to survive a motion to dismiss under Rule 12(b)(6), a complaint must allege a plausible set of facts sufficient 'to

raise a right to relief above the speculative level.'" *Operating Local 649 Annuity Trust Fund v. Smith Barney Fund Mgmt. LLC*, 595 F.3d 86, 91 (2d Cir. 2010) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). This standard does not require "heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

The Supreme Court recently clarified the appropriate pleading standard in *Ashcroft v. Iqbal*, setting forth a two-pronged approach for courts deciding a motion to dismiss. 129 S.Ct. 1937 (2009). The Court instructed district courts to first "identify[ ] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id*. at 1950. Although "legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id*. Second, if a complaint contains "well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. at 1949 (internal citations omitted) (quoting and citing *Twombly*, 550 U.S. at 556–57).

Where, as here, the plaintiff is proceeding *pro se*, "[c]ourts are obliged to construe the [plaintiff's] pleadings . . . liberally." *McCluskey v. N.Y. State Unified Court Sys.*, No. 10–CV–2144 (JFB)(ETB), 2010 U.S. Dist. LEXIS 69835, 2010 WL 2558624, at *8 (E.D.N.Y. June 17, 2010) (citing *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008) and *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004)). Nonetheless, even though the Court construes a *pro se* complaint liberally, the complaint must still "state a claim to relief that is plausible on its face" to survive a motion to dismiss. *Mancuso v. Hynes*, 379 F. App'x 60, 61 (2d Cir. 2010) (quoting *Iqbal*, 129 S.Ct. at 1949); *see also Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (applying *Twombly* and *Iqbal* to *pro se* complaint).

IV. DISCUSSION

Plaintiff's claims against defendant must be dismissed because this Court lacks jurisdiction to review them. The Court first addresses plaintiff's appeal from the denial of her disability benefits and subsequently her civil action for money damages.

A. Legal Framework

This Court has limited jurisdiction over appeals of defendant's decisions regarding disability benefits. Specifically, this Court may review "any final decision of the Commissioner of Social Security made after a hearing to which [plaintiff] was a party, irrespective of the amount in controversy." 42 U.S.C. § 405(g). However,

> [t]he findings and decision of the Commissioner of Social Security after a hearing shall be binding upon all individuals who were parties to such hearing. No findings of fact or decision of the Commissioner of

3

Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided. No action against the United States, the Commissioner of Social Security, or any officer or employee thereof shall be brought . . . to recover on any claim arising under this title . . . .

42 U.S.C. § 405(h).

In order to obtain review of a final decision by the Commissioner, the claimant must follow a four-step administrative process. Specifically, this includes

> (1) Initial determination. This is a determination we make about your entitlement . . . to benefits . . . .
> (2) Reconsideration. If you are dissatisfied with an initial determination, you may ask us to reconsider it.
> (3) Hearing before an administrative law judge. If you are dissatisfied with the reconsideration determination, you may request a hearing before an administrative law judge.
> (4) Appeals Council review. If you are dissatisfied with the decision of the administrative law judge, you may request that the Appeals Council review the decision.

20 C.F.R. § 404.900(a). According to the Supreme Court, this creates "an orderly administrative mechanism, with district court review of the final decision of the [Commissioner]." *Califano v. Sanders*, 430 U.S. 99, 102 (1977). If an administrative appeal is not pursued by the claimant, the administrative determination by the Social Security Administration becomes final. *See* 20 C.F.R. §§ 404.900(b), 404.905, 404.921, 404.955, 404.981, 422.210.

This Court can only review an administrative decision denying disability benefits where a hearing has been held unless plaintiff raises a constitutional challenge to the decision. In *Sanders*, the Supreme Court concluded that because "a petition to reopen a prior final decision may be denied without a hearing," it was not reviewable absent a "colorable" constitutional challenge. 430 U.S. at 107-09. The *Sanders* Court noted that section 405(g) "clearly limits judicial review to a particular type of agency action." *Id*. at 108. Though *Sanders* did not specifically deal with a situation where a hearing was dismissed, courts have applied *Sanders* in that context and this Court agrees with the analysis set forth in those decisions. *See, e.g., Milazzo v. Barnhart*, No. 05 Civ. 9218 (HB), 2006 WL 2161781, at *1-2 (S.D.N.Y. Aug. 1, 2006) (concluding that "[d]ismissal for failure to appear at the hearing does not constitute a final decision on the merits and consequently cannot be reviewed" under section 405(g), further noting that plaintiff "failed to raise a constitutional issue, and therefore cannot obtain judicial review on that basis"); *Lesane v. Apfel*, No. CV 98-4738 (RJD), 1999 WL 1288940, at *2-3 (E.D.N.Y. Nov. 17, 1999) (the court could not review ALJ's dismissal of hearing where claimant did not appear for the hearing); *Plagianos v. Schweiker*, 571 F. Supp. 495, 497 (S.D.N.Y. 1983) ("[W]hen there was no hearing and determination of the merits by a final decision, there is nothing for the court to review . . . an application for judicial review fails to state a claim on which relief

may be granted."). *See also Matos-Cruz v. Comm'r of Soc. Sec.*, 187 F.3d 622, 622 (1st Cir. 1998) (unpublished) (court could not review the ALJ's decision to dismiss the hearing at plaintiff's request); *Brandyburg v. Sullivan*, 959 F.2d 555, 558-62 (5th Cir. 1992) (plaintiff failed to appear at hearing without good cause and court determined it could not review the decision of the ALJ to dismiss his request for a hearing).

Some courts have consented to review a claim for benefits where no hearing was held, but only under circumstances suggesting that plaintiff has raised a viable constitutional issue. *See Hatcher v. Barnhart*, No. 06 CV 999 (JG), 2006 WL 3196849, at *3-5 (E.D.N.Y. Nov. 4, 2006) (concluding that there is no jurisdiction where no hearing is held except, where as in the case, there is a colorable constitutional claim based on inappropriate notice); *Crumble v. Sec'y of Health & Human Serv.*, 586 F. Supp. 57, 58-60 (E.D.N.Y. 1984) (claimant asserted he never received notice of his hearing and was never given an opportunity to explain why he did not appear, thereby raising a constitutional question); *Raga v. Secretary of HHS*, No. 5:91 CV 1600, 1992 WL 188825, at *3 (N.D. Ohio Feb. 26, 1992) ("The Court is not anxious to embrace a result that insulates an administrative decision from judicial scrutiny where the claim is made that the agency failed to follow its own regulations.").

B. Appeal from Denial of Benefits

As set forth below, it is clear that there is no final decision by the defendant for this Court to review. Furthermore, plaintiff failed to raise a colorable constitutional claim against defendant. As a result, this Court lacks subject matter jurisdiction over the dispute.

There is no final decision denying plaintiff disability benefits because no hearing was held. An ALJ may dismiss a request for a hearing at claimant's request or at the request of claimant's counsel. *See* 20 C.F.R. §§ 404.957(a), 404.1710. In this case, claimant's counsel submitted a letter to the ALJ requesting that the hearing be dismissed. (*See* Herbst Decl. Ex. 4, 8.) Plaintiff does not allege that counsel coerced her into requesting dismissal, does not claim that counsel's request on her behalf was unauthorized, nor that she was somehow misinformed her about the consequences of requesting a dismissal of the hearing. *See* 20 C.F.R. § 404.1740(c). As a result, counsel's request on plaintiff's behalf is imputed to plaintiff. *See Zabala v. Astrue*, 595 F.3d 402, 408 (2d Cir. 2010). Furthermore, in his decision dismissing the hearing request, the ALJ concluded that

> [t]he record shows that the claimant was fully advised of the effects of [her request], including dismissal of the request for hearing with the result that the initial determination would remain in effect. The undersigned is satisfied that the claimant understands the effects of her withdrawal of the request for hearing.

(Herbst Decl. Ex. 1 at 3.) Thus, there is no final decision for review by this Court because a hearing was not held. *See, e.g., Plagianos*, 571 F. Supp. at 497; *Matos-Cruz*, 187 F.3d at 622 (collecting cases).

Nor does plaintiff assert a colorable constitutional claim. As a threshold matter, plaintiff does not allege any constitutional violations in her complaint. In any event, it is apparent that defendant followed appropriate agency procedure. As an initial matter, the Notice of Hearing sent to plaintiff indicated that failure to appear without good cause could result in dismissal of the hearing request. (Herbst. Decl. Ex. 7 at 1.) Plaintiff was notified by mail that her dismissal request was granted and set forth procedures plaintiff had to follow to appeal the decision to the Appeals Council. (*Id.* Ex. 1 at 1.) The Appeals Council denied plaintiff's request for review, concluding that plaintiff did not provide any basis for reversal. (*Id.* Ex. 3.)

In sum, the Court has no subject matter jurisdiction over plaintiff's appeal of the Commissioner's decision denying her benefits.

C. Civil Action

Similarly, this Court has no subject matter jurisdiction over plaintiff's claim for monetary relief based on the defendant's denial of her disability benefits. There is no private right of action under the Social Security Act. In the alternative, even if there was a private right of action, plaintiff has failed to state a claim for which relief may be granted.

In her complaint against the Social Security Administration ("SSA" or "defendant"), plaintiff asserts that she is entitled to monetary damages because the SSA failed to grant her request for disability benefits. Specifically, plaintiff asserts that the jurisdiction over her civil suit is "based on a Social Security appeal," and further alleges that the Social Security Administration "ignored to give" her disability benefits "from 2006" and failed to "liv[e] up to their financial obligation." (Compl. Civ. at 2-3; *see also* Pl.'s Letter to the Court filed on July 23, 2010 (alleging that plaintiff "went through their process and they failed me" after plaintiff filed an appeal to the Appeals Council which was denied).)

Plaintiff is barred from bringing a civil action against the SSA for monetary relief based on violations of the Social Security Act (the "Act") because there is no private right of action under the SSA. As noted above, federal courts are vested with subject matter jurisdiction only over "final decisions" of social security claims. *See* 42 U.S.C. § 405(g). The Social Security Act does not bestow a private right of action for monetary relief. *See Maloney v. Soc. Sec. Admin.*, No. 02-CV-1725 (JFB)(SMG), 2006 WL 1720399, at *9 (E.D.N.Y. June 19, 2006), *aff'd* 517 F.3d 70 (2d Cir. 2008); *see also Krauss v. Bowen*, Nos. 80 CV 2638, 83 CV 0237, 1989 U.S. Dist. LEXIS 2458, at *2 (E.D.N.Y. Mar. 1, 1989) ("[T]he Social Security Act does not confer any right to an action for consequential or punitive damages resulting from the denial of disability benefits." (collecting cases)).

In any event, even assuming *arguendo* that this Court has subject matter jurisdiction over plaintiff's civil action against the SSA, her claims also fail to state a claim for which relief may be granted. To the extent plaintiff is attempting to allege violations of her constitutional rights by the SSA, the SSA is immune from suit. Generally, plaintiffs whose constitutional rights have been violated by employees of the federal

government may recover money damages pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). A *Bivens* claim "alleging violation of a constitutional right may be brought against a federal officer in his individual capacity. However, a *Bivens* claim against a federal agency is precluded, as an action against a federal agency is essentially a suit against the United States, and *Bivens* actions against the United States are barred under the doctrine of sovereign immunity." *Sereika v. Patel*, 411 F. Supp. 2d 397, 402 (S.D.N.Y. 2006) (citation omitted); *see also Platsky v. Cent. Intelligence Agency*, 953 F.2d 26, 28 (2d Cir. 1991) ("[J]urisdictional limitations permit a plaintiff to sue only the federal government officials responsible for violating the plaintiff's constitutional rights; a plaintiff cannot sue the agency for which the officials work.").

Though plaintiff does not specifically name individual defendants in her civil action, any such claims would similarly be barred because the Supreme Court has held that social security claimants may not bring *Bivens* actions alleging violations of their constitutional rights. *See Schweiker v. Chilicky*, 487 U.S. 412, 424-25 (1988) ("The [Social Security] Act . . . makes no provision for remedies in money damages against officials responsible for unconstitutional conduct that leads to the wrongful denial of benefits."). The *Schweiker* Court refused to create a money damages remedy against Social Security officials finding that Congress' "inaction has not been inadvertent" and that "the design of [the Social Security] program suggests that Congress has provided what it considers adequate remedial mechanisms" through the administrative process. 487 U.S. at 423.[1]

\* \* \*

In sum, the Court dismisses for lack of subject matter jurisdiction both plaintiff's appeal from the defendant's denial of disability benefits, as well as plaintiff's

---

[1] To the extent plaintiff is asserting that the SSA was negligent, and may be liable under the Federal Tort Claims Act ("FTCA"), that claim is without merit. The SSA cannot be sued for negligence based on the doctrine of sovereign immunity, which bars FTCA suits against federal agencies. *See, e.g.,* 28 U.S.C. § 2679(a); *Myers & Myers, Inc. v. United States Postal Service*, 527 F.2d 1252, 1256 (2d Cir. 1975) ("We should first note that suit under the Federal Tort Claims Act lies here, if at all, only against the United States. Neither the Postal Service nor the Postal Inspection Service, named as defendants, may be sued directly . . . ."); *Langella v. Bush*, 306 F. Supp. 2d 459, 463 (S.D.N.Y 2004) ("Under the FTCA, suit must be brought directly against the United States, and federal agencies are immune from suit."). In any event, even if plaintiff could sue the SSA under the FTCA, plaintiff failed to exhaust her administrative remedies prior to filing this action. (*See* Decl. of Mark S. Ledford dated Mar. 12, 2010 ¶ 3.) Thus, plaintiff's FTCA claim would be barred for this additional reason. *See, e.g., Johnson v. Smithsonian Inst.*, 189 F.3d 180, 189 (2d Cir. 1999) ("In order to state a claim under the FTCA, the person attempting to assert it must comply with several strictly construed prerequisites. The operative one here is that '[a] tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues . . . .' 28 U.S.C. § 2401(b). Unless a plaintiff complies with that requirement, a district court lacks subject matter jurisdiction over a plaintiff's FTCA claim.").

claim against the SSA for monetary damages.

## V. CONCLUSION

For the foregoing reasons, the Commissioner's motion to dismiss is granted in its entirety. The Clerk of Court shall enter judgment accordingly and close this case.

SO ORDERED.

_____
JOSEPH F. BIANCO
United States District Judge

Dated: August 31, 2011
Central Islip, New York

\* \* \*

Plaintiff is proceeding *pro se*. The attorneys for defendants are: Loretta E. Lynch, United States Attorney, by Arthur Swerdloff, Eastern District of New York, 271 Cadman Plaza East, Brooklyn, New York 11201.